Thomas J. Draper and Dorcas J. Draper, Husband and Wife, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 24544. Promulgated August 23, 1950.

*Thomas J. Draper*, petitioner *pro se.*
*Joseph F. Rogers, Esq.*, for the respondent.

### OPINION.

Van Fossan, *Judge:* The respondent determined a deficiency of $932.83 in income tax for the year 1944. Certain issues were conceded by petitioners, leaving for our consideration the question whether petitioners are entitled to a deduction because of a casualty loss by fire.

While petitioners' daughter was a student at Smith College, a fire occurred in the dormitory where she was living, resulting in a loss of jewelry and clothing of a reasonable cost or value at the time of loss of $2,251. Petitioners collected $500 as insurance and claimed the remaining net amount of $1,751 in their return for 1944 as a casualty loss by fire. The daughter became 21 years of age on May 27, 1944. The fire occurred December 14, 1944.

Deductions are allowed to taxpayers only by virtue of legislative grace and, to qualify, a taxpayer must prove he comes squarely within the authorizing statute. Basic in the law is the requirement that to support a deduction for loss of property, the claimant must have been the owner of the property at the critical time. The record establishes that the property destroyed by fire belonged to petitioners' adult daughter. Absent other circumstances, petitioners' claim would fall under the above stated ruling. The only additional fact here present is that the daughter, then past 21, was still dependent on her parents for support. Is this fact sufficient to sustain the allowance of the claimed deduction? We think not. The deductibility of the item must be determined by the law governing deductions and not by the purely statutory concept of family exemptions or dependency.

In the instant case the record does not establish that the petitioners owned the clothing and jewelry destroyed by fire. Although petitioners felt morally obliged as parents to replace the lost clothing, and actually did so, this fact is not determinative. Being an adult, and there being no extraordinary circumstances, the daughter could not have legally compelled her parents to make such replacement. Under the evidence and the law the jewelry and clothing belonged to the daughter and the loss was personal to her.

It is true that in the absence of a positive gift to a minor, parents retain title to clothing furnished to such minor child, granting to the child only possession thereof. (*Lloyd* v. *Rosenthal*, 180 N. Y. S. 30). Here, however, the child had passed from the status of minor into adult womanhood. Whatever the rights of the petitioners prior thereto, on attaining her majority the daughter came into all the rights and duties of an adult. Among these was the ownership of her wardrobe and jewelry.

Since the property destroyed belonged to the adult daughter and not to petitioners, it follows that the parents were in error in claiming the loss.

*Decision will be entered for the respondent.*