Michael R. and Mary C. Bordas v. Commissioner.
Bordas v. Commissioner
Docket No. 4620-69 "SC".
United States Tax Court
T.C. Memo 1970-97; 1970 Tax Ct. Memo LEXIS 267; 29 T.C.M. (CCH) 458; T.C.M. (RIA) 70097; April 27, 1970. Filed *267 Michael R. Bordas, pro se, 9146 Harrell, Detroit, Mich.Robert T. Hollohan, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $203.07. The only issue for decision is the amount of transportation expense which petitioners are entitled to deduct as medical expenses. Findings of Fact Petitioners, husband and wife who resided in Detroit, Michigan at the date of the filing of the petition in this case, filed their joint Federal income tax return for the calendar year 1967 with the district director of internal revenue at Detroit, Michigan. In early December 1965 petitioners were in an automobile accident and as a result thereof, each of them was in a hospital for over 5 weeks. In January 1966 when Mary C. Bordas was released from the hospital her face was in a mutilated condition. Three hundred stitches were required on her face and at the time she was released from the 459 hospital part of her nose was missing and lumps of flesh were hanging in various forms on her face. It was necessary for her to have 14 plastic surgery operations. *268 Her mental condition was affected by the extent of her facial injuries and her physician insisted that she have and drive an automobile as therapeutic treatment of her physical and mental condition. She was nervous at the thought of driving an automobile after the accident so the physician strongly advised her to drive a heavy automobile. On the advice of their physician petitioners in 1966 purchased a Chrysler automobile for which they paid $3,200 in addition to the allowance they received as damages on the car which was wrecked in the accident. Petitioner Michael R. Bordas did not drive the car at all. Petitioner Mary C. Bordas during 1967 drove the automobile 3,745 miles going to and from medical appointments. In addition, she drove the car much more mileage in going to visit with the families of her son and her daughter and to mix with other people, which her doctor insisted she do for her psychological well being and to alleviate her depressed mental condition. The doctor insisted that she use no form of public transportation and that she not expose herself to curious people staring at her or children pointing at her. Although petitioners did not keep an accurate record *269 of the cost of the operation of the automobile they did know that the actual direct costs they paid in 1967 in operating the car were in excess of 5 cents per mile. Petitioners on their Federal income tax return for the calendar year 1967 deducted under the category "medical expenses" an item designated "Transportation $1600.00" with the explanation, Transportation cost is high due to my wife's condition since our auto accident 12-5-65. She went through the windshield to come back into car some way. Loss of one eye, partially other, loss of nose and 300 stitches in her face. I bought the car especially for her to and fro for medical service for artificial eye, plastic surgery which is still going on. Respondent in his notice of deficiency recomputed petitioners' medical expense deduction by substituting the amount of $239.25 for the $1,600 claimed as transportation expense with the following explanation: The $1,600 portion of the purchase price of your automobile in 1966 has been disallowed as a transportation medical expense in 1967 and replaced with a transportation medical expense allowance of $239.25, consisting of $187.25 computed at 5 cents a mile allowance for 3,745 *270 miles driven for medical purposes plus an allowance of $52.00 for parking expense. * * * Opinion The issue here is purely factual. As we recognized in the recent case of Morris C. Montgomery, 51 T.C. 410 (1968), on appeal (C.A. 6, Apr. 9, 1969), a taxpayer is entitled to deduct, as a medical expense, transportation expenses for travel which is prescribed by his physician for health. See also Edward A. Havey, 12 T.C. 409 (1949), where we discussed the distinction between personal living expenses and a medical deduction directly or proximately related to the "diagnosis, cure, mitigation, treatment, or prevention of disease." In our view the treatment of Mary's mental state required her driving more than just to and from the doctor's office. The driving which she did upon the advice of her doctor to mix with other people directly for the purpose of alleviating her mental depression because of the mutilation of her face was a medical expense. See section 213(e)(1)(A), Internal Revenue Code of 1954. We recognize that not all the driving Mary Bordas did was for medical reasons but also recognize that petitioners are entitled to deduct as *271 medical expenses the out-of-pocket costs for all the driving which Mary Bordas did directly to alleviate her mental condition. Petitioners did not offer precise proof of the amount in excess of 5 cents per mile it cost to operate the Chrysler automobile nor exactly the number of miles driven. Their efforts were directed to attempting to establish their right to deduct in 1967 one-half of the cost of the Chrysler automobile purchased by them in 1966. No portion of the cost of this automobile is deductible by petitioners as a medical expense in 1967. Since we are of the view that petitioners are entitled to deduct substantially more as medical expense for the operating costs of the Chrysler automobile than the amount allowed by respondent but are not entitled to deduct any portion of the cost of the automobile, we have used our best judgment and determined that petitioners are entitled to deduct $450 as the cost of driving the Chrysler automobile for medical purposes instead of the $187.25 allowed by respondent. Decision will be entered under Rule 50. 460