Frank W. and Mary W. Oman v. Commissioner.
Oman v. Commissioner
Docket No. 5423-70 SC.
United States Tax Court
T.C. Memo 1971-183; 1971 Tax Ct. Memo LEXIS 150; 30 T.C.M. (CCH) 767; T.C.M. (RIA) 71183; July 28, 1971, Filed Frank W. Oman, pro se, 127 S. Harrisonst., Easton, Md.L. Buck Fowler, for the respondent. 768 SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency of $297.99 in petitioners' Federal income tax for the year 1967. Petitioners and respondent have agreed that the respondent properly barred the claimed deduction of $31.21 as a casualty loss deduction, leaving $288 as the amount now in controversy. The only issue for decision is whether petitioners Frank W. and Mary W. Oman sustained a deductible casualty loss under section 165(c)(3), Internal Revenue Code of 1954, as a result of a collision involving an automobile purchased *151 with petitioners' funds for the benefit of their minor son. Findings of Fact The stipulation of facts and exhibits attached thereto are incorporated by reference and to the extent deemed pertinent are summarized below. Frank W. Oman and Mary W. Oman (hereinafter referred to as petitioners) are husband and wife who at all relevant times resided at 127 S. Harrison Street, Easton, Maryland. Petitioners filed their joint Federal income tax return for the taxable year 1967 with the internal revenue service center at Philadelphia, Pennsylvania. During the taxable year 1967 petitioners had two children, Andrew Oman and Michael Oman. Michael was born on October 27, 1946, and was employed by Dr. Vannevar Bush in South Dennis, Massachusetts during the summer of 1967. Petitioners sent Michael $1,000 shortly before July 31, 1967, for the purpose of purchasing an automobile. On July 31, 1967, Michael acquired a 1954 Austin Healy two-door Roadster for the sum of $1,000 from J. Albert Bassett, Jr. Mr. Bassett delivered a Bill of Sale in Michael's name for the said automobile to Michael. At the time the Austin Healy was purchased, petitioners anticipated the vehicle would be included under *152 their existing insurance policy with the GEICO insurance company. After being informed by GEICO that petitioners' existing ploicy would not cover vehicles permanently garaged at a residence other than that of petitioners, they directed Michael to register the automobile in Massachusetts under Michael's name. The automobile was legally registered accordingly on August 21, 1967. GEICO was instructed to bill petitioners for liability insurance on the Austin Healy under a policy separate from petitioners' existing policy. In order for Michael's automobile to be inspected according to Massachusetts law, Michael left the vehicle under the care of a friend, William O. Beaulier, with instructions for William to have the vehicle inspected while Michael was visiting petitioners at petitioners' residence in Easton. On September 10, 1967, William was operating the said automobile when it went out of control and collided with a tree resulting in the car being completely destroyed. Although, at the time of the collision the car was registered and covered by liability insurance, it had not been inspected and was not covered by collision insurance. On petitioners' 1967 Federal income tax return, *153 petitioners claimed a $900 casualty loss - $1,000 purchase price of the automobile less the $100 floor as provided in section 165(c) of the Internal Revenue Code of 1954. Neither petitioners nor Michael Oman received any insurance recovery. The respondent disallowed the stated casualty loss in his statutory notice of deficiency. Opinion It is a settled proposition of tax law that an automobile may be the subject of a casualty loss for its owner, section 165, Internal Revenue Code of 1954; section 1.165-7(a)(3), Income Tax Regs. Petitioners are therefore entitled to a deduction if they possessed the necessary elements of ownership required by the statute. Michael was given the $1,000 by petitioners to purchase an automobile. In so doing, we find petitioners relinquished all control over the $1,000 and therefore cannot be considered owners of property purchased with these funds by Michael for his own use. The loss incurred by the destruction of the Austin Healy was a loss that was suffered by Michael, not petitioners. Such a finding obviates any determination by us as to whether the automobile was a necessity or as to Michael's status *154 as a dependent of petitioners. See Thomas J. Draper, 15 T.C. 135(1950). Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. 769