IRWIN SILVERMAN and FAYE SILVERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Silverman v. Commissioner
Docket No. 5565-73.
United States Tax Court
T.C. Memo 1975-255; 1975 Tax Ct. Memo LEXIS 118; 34 T.C.M. (CCH) 1094; T.C.M. (RIA) 750255; August 4, 1975, Filed Arnold J. Gold, for the petitioners. Kenneth G. Gordon, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies in the Federal income tax of petitioners: 1966
$5,655.72
1967
4,941.77
1968
9,333.46
1969
5,142.35
1970
4,228.90
Mutual concessions having been made, it remains for us to decide if petitioners are entitled to claim a theft loss deduction for the year 1967 under section 165, Internal Revenue Code of 1954, as amended. [1]
*119 FINDINGS OF FACT Certain facts have been stipulated and are so found. Petitioners Irwin and Faye Silverman, husband and wife, filed joint Federal income tax returns for the years in issue with the District Director of Internal Revenue, Newark, New Jersey. They were residents of Weehawken, New Jersey, when they filed their petition with this Court. Irwin Silverman is an attorney at law. From 1935 to 1953 he was in the employ of the Federal government. Subsequently he established several successful banking institutions in the Virgin Islands (U.S.) and New Jersey. F.S.&S. Associates, Inc., (FSS) was a New Jersey corporation organized on August 25, 1965. Irwin and Faye were the corporation's president and secretary-treasurer, respectively; and they owned 80 percent of the shares of FSS stock outstanding. The balance of the outstanding shares of FSS stock was owned by Irwin and Faye's minor daughters. Irwin and Faye's purpose in organizing FSS was to have it acquire notes to be issued by the Manufacturer's Credit Corporation (MCC), bearing interest at the rate of 12 percent per annum. [2]
*120 Manufacturer's Credit Corporation (MCC), also a New Jersey corporation, was one of several corporations owned by Theodore Richmond, an acquaintance of Irwin's who had substantial amounts of money on deposit with a small bank which Irwin had established in Saddlebrook, New Jersey. During the fiscal years ended July 31, 1966 and 1967, FSS realized interest income of $16,677.34 and $34,455.00, respectively, on the MCC notes which it acquired. On August 1, 1967, MCC filed a petition in bankruptcy in the district court of the United States for the District of New Jersey. As of that date, the MCC notes held by FSS were wholly worthless. As of August 1, 1967, FSS held interest bearing notes of MCC in the total amount of $246,000. Of the funds transferred to MCC in payment for the notes, $121,300 had been supplied by Irwin and Faye subsequent to the formation of FSS. [3] The amounts supplied by Irwin and Faye were carried on the books of FSS as loans payable to them; and in 1966 and 1967 petitioners received $5,240.50 and $13,164.50 from FSS as interest on these amounts. *121 Statutory notice of the deficiencies at issue was dated April 20, 1973. OPINION Petitioners allege that Theodore Richmond induced them to transfer $121,300 to MCC, a corporation controlled by him, at a time when he intended to appropriate those funds to his own use in violation of the criminal statutes of New Jersey. It is petitioners' position that under section 165[4] they are therefore entitled to a theft loss deduction for 1967, the year in which they claim to have discovered the alleged swindle. Cf. Rev. Rul. 71-381, 1971-2 C.B. 126. In our opinion, petitioners *122 are not entitled to such a deduction even if their allegation of criminal conduct on the part of Richmond is correct. A theft loss deduction may be claimed only by the taxpayer who was the owner of the stolen property when it was criminally appropriated. J. T. Lupton,19 B.T.A. 166 (1930). To determine the ownership of property, we have recourse to local law. Cf. Thomas J. Draper,15 T.C. 135 (1950). When petitioners transferred $121,300 in payment for notes which MCC issued to FSS, it was plainly their intention that FSS was to become indebted to them in that amount. The law of New Jersey would give effect to that intention. Tiernan v. Carasaljo Pines,51 N.J. Super. 393, 143 A. 2d 892, 899 (1958). FSS must therefore be considered to have been the owner of the funds in question when they passed to MCC and, thereby, into the control of Richmond. Hirshfeld v. Howard,59 S.W. 55, 58 (Tex. Civ. App. 1900); Smead & Powell v. D. W. Chandler & Co.,76 S.W. 1066, 1068 (Ark. 1903). Consequently, if Richmond did in fact induce the transfer of the funds by fraud, FSS must be deemed to have *123 sustained the theft loss for purposes of section 165. [5]
Petitioners maintain that FSS was merely a device employed by Richmond to deprive them of their property unlawfully. Were this so, we would be inclined to disregard the existence of FSS and allow petitioners the deduction which they claim. See Paul C. F. Vietzke,37 T.C. 504 (1961). But the record amply demonstrates that this was not the case. FSS was lawfully organized under the law of New Jersey. From its inception it was controlled by petitioners. While under their control it acquired MCC notes in the amount of $246,000. On these notes FSS realized substantial amounts of interest which it included in gross income *124 on the U.S. corporation income tax returns which it filed for the fiscal years ended July 31, 1966 and 1967. These facts admit of no other conclusion but that petitioners intended to maintain FSS as an entity distinct from themselves. And they caused it to be sufficiently active that its existence should be recognized for purposes of the tax law. Van Dale Corp.,59 T.C. 390, 400 (1972). Therefore we will not disregard the existence of FSS in order to reduce petitioners' tax liability. Ernest L. Rink,51 T.C. 746, 752 (1969). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The rate of interest on the notes issued by MCC to FSS was subsequently increased to 15 percent.↩
3. A portion of the funds transferred to MCC as payment for the notes issued to FSS was supplied by the minor daughters and certain of the parents of petitioners.↩
4. SEC. 165. LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- * * * (3) losses of property not connected with a trade or business, if such losses arise from * * * theft. * * * (e) Theft Losses.--For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss.↩
5. Respondent allows, properly in our opinion, that petitioners are entitled to claim a deduction under section 166(d) for the loans which they made to FSS. Section 166(d) provides: (1) * * * In the case of a taxpayer other than a corporation--* * * (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. * * *↩