SAMUEL S. DUBIN and LYDIA S. DUBIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dubin v. Commissioner
Docket No. 2848-73.
United States Tax Court
T.C. Memo 1976-256; 1976 Tax Ct. Memo LEXIS 148; 35 T.C.M. (CCH) 1120; T.C.M. (RIA) 760256; August 17, 1976, Filed Samuel S. Dubin and Lydia S. Dubin, pro se. Richard N. Weinstein, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $601 in petitioners' 1971 Federal income tax. Concessions having been made, the sole issue remaining for our decision is whether petitioners are entitled to a casualty loss deduction under section 165(c)(3) [1] for the year at issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Samuel S. and Lydia S. Dubin are husband and wife and filed *149 a joint Federal income tax return for 1971 with the District Director, Philadlphia, Pennsylvania. They resided together in State College, Pennsylvania, at the time the petition herein was filed. In September 1970, petitioners' son, James, registered for the fall 1970-1971 semester of his senior year at Yale University. This semester commenced about the second week in September and continued through the third week of the following January, of which the middle two weeks of January were designated as the examination period. On August 20, 1970, James enlisted in a National Guard unit located in New York. By enlisting, James was obligated to serve up to six months active duty within 180 days of his enlistment and to report for monthly drills when not on active duty. At the time of his enlistment, James was informed by a full-time technician, SSG Walter A. Stein, that it was not possible to enlist with any restrictions or reservations, especially with respect to being called for active duty, but that it was highly unlikely that his upcoming senior year at Yale would be interrupted since the normal waiting time for active duty calls was approximately one year. However, on December 23, 1970, James *150 received orders to report for active duty training at Fort Lewis, Washington, on January 4, 1971, and he so reported on that date in compliance with these orders. He did not take any final examinations or write the required papers so as to receive his final grades for that semester's courses, and he received "incompletes" for all such courses. Upon James' return to Yale in the fall 1971-1972 semester, University officials decided that, because he had been absent for an extended period of time, he should be required to repeat the entire fall semester. On their 1971 return, petitioners claimed a casualty loss deduction of $1,875, representing James' tuition expense of $1,200 for the fall 1970-1971 semester at Yale and $675 expended for his room and board for that semester. [2] In a supplemental stipulation of facts, petitioners concede that they did not suffer a loss with respect to the tuition they paid to Yale in 1970, since such amount was credited by the University toward James' fall 1971-1972 semester. Thus, the only remaining issue is whether the amount of the room and board (which, in a supplemental stipulation, the parties agree amounted to $670) paid by petitioners to James *151 or on his behalf during 1970 is allowable as a casualty loss deduction on petitioners' 1971 return. OPINION When James was ordered to active duty just prior to finishing his first semester at Yale, petitioners were deeply angered at what seemed to them to be a senseless and outrageous act on the part of the United States Army. Their outrage had diminished little if any by the time this case was tried. The substance of Samuel Dubin's testimony was that, in his opinion, a grave inequity had been committed by the Federal Government and that he felt a certain sense of justice in claiming a casualty loss deduction for a part of the expenses he was thereby forced to incur. Petitioners persuasively argued that James had not been dealt with in an equitable manner by the United States Army, and we sympathize with petitioners and their son on this matter. However, without some legal basis we simply cannot sanction petitioners' attempt to visit retribution on the Federal Government through the use of the casualty loss deduction provision in the Code. Accordingly, the claimed dedction *152 is disallowed. Individuals may deduct losses only to the extent allowed by section 165(c), and section 165(c)(3) (the so-called "casualty loss" section) provides in part as follows: SEC. LOSSES. * * *
(c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *
Petitioners' claimed deduction is not allowable under section 165(c) (3) for a number of reasons. First, the facts before us do not support a finding that petitioners' loss was incurred as the result of any sudden, unexpected or unusual event. Campbell v. Commissioner,504 F. 2d 1158 (6th Cir. 1974); Matheson v. Commissioner,54 F. 2d 537 (2d Cir. 1931). Rather, as respondent points out, the fact that James was called to active duty within six months of his enlistment was specifically contracted for and cannot be said to be unexpected. Furthermore, petitioners have not shown that they incurred the requisite physical damage or destruction *153 to property necessary to permit a deduction under section 165(c)(3). Citizens Bank of Weston v. Commissioner,252 F. 2d 425 (4th Cir. 1958), affg. 28 T.C. 717 (1957); Louis Broido,36 T.C. 786 (1961). Finally, assuming arguendo that petitioners suffered a qualifying "casualty loss," the loss should have been deducted in the year it occurred (i.e. 1970) and not, as claimed by petitioners, in the year 1971 when they were required to duplicate the earlier expenditures. [3]Sec. 1.165-1(d), Income Tax Regs.; Martin Veneer Co.,5 B.T.A. 207 (1926). *154 For these reasons, petitioners' claimed deduction is disallowed, and Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Petitioners also claimed a theft loss of $133.55 which they now concede is nondeductible.↩
3. Respondent also argues that James had reached majority prior to enrollment in the fall 1970-1971 semester and, therefore, the ownership of the rights for the tuition and room and board belonged to James and not petitioners. Relying primarily on Thomas J. Draper,15 T.C. 135 (1950), respondent contends that the claimed deduction should be disallowed because petitioners are not entitled to a deduction for the casualty loss of another's property. However, the only statement in the record before us as to James' age during the period in question was made by petitioner Samuel S. Dubin during respondent's opening statement and prior to being sworn as a witness. Therefore, we are unable to make the finding of fact as to James' age necessary to determine whether or not the rule of Thomas J. Draper,supra, is applicable in the instant case. Rule 143(b), Tax Court Rules of Practice and Procedure. See Samuel P. Norton, T.C. Memo. 1970-279; Paul R. Kennedy,T.C. Memo. 1958-139↩.