ROBERT LEE SMITH and ROSIE LEE SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
SMITH v. COMMISSIONER
Docket No. 7798-76.
United States Tax Court
T.C. Memo 1979-76; 1979 Tax Ct. Memo LEXIS 451; 38 T.C.M. (CCH) 322; T.C.M. (RIA) 79076; March 7, 1979, Filed Robert Lee Smith and Rosie Lee Smi h, pro se. Thomas J. Stalzer, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioners' income tax: Year
Deficiency
1973
$1,225.19
1974
1,622.54
The issues for decision are: 1. Whether petitioners are entitled to various deductions claimed for 1973 with respect to real estate they owned. Specifically, (a) Whether petitioners are entitled to a claimed depreciation deduction (including additional first-year depreciation) in excess of the amount allowed by respondent; and (b) Whether petitioners are entitled to deductions for expenses incurred in connection with this real estate. 2. Whether petitioners are entitled to various deductions claimed for 1974. Specifically, (a) *453 Whether petitioners are entitled to a casualty or theft loss deduction under section 165(c)(3) [1] or a bad debt deduction under section 166 due to the bankruptcy of the Federation Workers' Credit Union, Inc., in which they had a savings account; (2) Whether petitioners are entitled to a casualty loss deduction with respect to an automobile; (c) Whether petitioners are entitled to a claimed depreciation deduction in excess of the amount allowed by respondent; and (d) Whether petitioners are entitled to deductions in excess of the amounts allowed by respondent for expenses incurred in connection with real estate owned by them. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, petitioners were residents of Cleveland, Ohio. 1973
In 1973 petitioners purchased two parcels of improved real estate in Cleveland to be used for rental purposes. One property, at 1223 East 82d Street ("82d Street Property"), cost $1,800; the other property, at 2353 East 84th Street ("84th *454 Street Property"), cost $1,900. On their tax return for 1973, petitioners claimed depreciation for these properties of $90 for the 82d Street Property and $95 for the 84th Street Property. [2]
In connection with these properties, petitioners also claimed on their return that they made capital improvements costing $5,500 and $5,800 for the 82d Street Property and the 84th Street Property, respectively. They claimed depreciation with respect to these improvements of $1,100 for the 82d Street Property and $290 for the 84th Street Property. Petitioners also claimed additional first year depreciation with respect to each property, as follows: 82d Street
84th Street
Cost of real estate
$1,800
$1,900
Capital improvements
5,500
5,800
Total
7,300
7,700
20% of Total as additional
first year depreciation
$1,460
$1,540
Petitioners reported rental income from these properties in 1973 of $200 for the 82d Street Property and $900 for the 84th Street Property. They claimed that they incurred expenses as follows: Expense
82d Street
84th Street
Electricity $100
$ 95
Carpenter
100
0
Plumbing
100
85
Insurance
135
135
Water
75
150
Taxes
225
325
Total $735 $790
*455 In the statutory notice, respondent disallowed petitioners' claimed deductions for expenses and depreciation of capital improvements on grounds of lack of substantiation. Respondent also disallowed all claimed additional first year depreciation with respect to the capital improvements on grounds of substantiation, and respondent disallowed additional first year depreciation with respect to the real estate on grounds that only tangible personal property is eligible for additional first year depreciation. Respondent further determined that petitioners purchased the 82d Street Property and the 84th Street Property in August 1973; accordingly, respondent allowed petitioners depreciation for these properties for one-third of the year ( $30 for the 82d Street Property and $32 for the 84th Street Property). 1974
During 1972 petitioners maintained a personal savings account and a personal loan account at the Federation Workers' Credit Union, Inc. ("Credit Union") in Cleveland. In that year the Credit Union was adjudged a bankrupt. At that time, petitioners' savings account showed a balance of $1,054.75, and their loan account showed a balance of $2,594.98. Following the adjudication *456 of bankruptcy, a plan of settlement was reached on behalf of all members of the Credit Union. This plan was heard favorably by the United States District Court for the Northern District of Ohio on June 14, 1974. Under this plan, members of the Credit Union would be entitled to their pro rata share (after their outstanding loans were credited to the Credit Union) of a fund of at least $450,000. [3] Claims had to be filed with the District Court by July 24, 1974. On their *457 return for 1974, petitioners claimed a casualty loss deduction with respect to their savings account of $1,000, less the $100 floor. Petitioners also claimed a casualty loss deduction of $5,100 (less the $100 floor) for the destruction of an automobile due to a fire in their garage. The automobile was owned by petitioners' daughter. In the statutory notice, respondent disallowed both claimed casualty losses in their entirety. With respect to the 82d Street Property and the 84th Street Property, petitioners again claimed depreciation and expense deductions in 1974. As to the 82d Street Property, petitioners claimed depreciation on the real estate of $90 and they claimed depreciation of $550 on capital improvements. For the 84th Street Property, petitioners claimed depreciation on the real estate of $95, and they claimed depreciation of $290 on capital improvements. In the statutory notice, respondent disallowed depreciation for capital improvements to both properties on grounds of lack of substantiation. Respondent allowed the claimed deductions for depreciation of the real estate for both properties. In their 1974 tax return petitioners reported rental income of $300 for *458 the 82d Street Property and $1,220 for the 84th Street Property. The amounts claimed as deductions for expenses and the amounts respondent allowed in the statutory notice are as follows: Claimed by petitioners
Allowed by respondent Expense
82d Street
84th Street
82d Street
84th Street
Electricity $195 $0 $195 $ 0
Carpenter
200
275
200
0
Plumbing
175
0
0
0
Insurance
135
135
135
135
Water
90
120
79
0
Taxes
156
120
0
0
Decorating
0
175
0
0
TOTAL $951 $825 $609 $135
OPINION For each year in issue respondent disallowed deductions claimed by petitioners on their tax return. The issues confronting us are the correctness of respondent's determinations. Most of the issues are factual, and petitioners bear the burden of proving that respondent's determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
1973
On their 1973 tax return petitioners claimed deductions for depreciation (including additional first-year depreciation) and expenses with respect to two parcels of real estate which they purchased in 1973 *459 for rental purposes. One property, at 1223 East 82d Street ("82d Street Property"), cost $1,800; the other property, at 2353 East 84th Street ("84th Street Property"), cost $1,900. With the exception of a deduction for depreciation of $30 for the 82d Street Property and $32 for the 84th Street Property, respondent disallowed the claimed deductions in their entirety. We conclude that petitioners have failed to carry their burden of proof and, accordingly, sustain respondent's determination. Petitioners claimed, first, depreciation deductions for the properties of $90 and $95 for the 82d Street Property and the 84th Street Property, respectively. Respondent determined, however, that petitioners purchased these properties in August 1973. Section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear of property held for the production of income. In order to be entitled to a deduction for depreciation, however, petitioners must demonstrate that they had an investment in the property sought to be depreciated. Commissioner v. Revere Land Co.,169 F. 2d 469, 475 (3d Cir. 1948), revg. 7 T.C. 1061 (1946), cert. *460 denied 335 U.S. 853 (1948); Hunter v. Commissioner,46 T.C. 477, 489-490 (1966).See Baird v. Commissioner,68 T.C. 115, 123 (1977). In this case, petitioners have presented no evidence contradicting respondent's determination that they purchased the property in August; on the basis of the burden of proof, we must sustain respondent's determination that they owned the property only one-third of 1973. Accordingly, since they owned the property only for one-third of the year, we conclude that respondent correctly determined petitioners' depreciation deduction with respect to these properties for 1973. Petitioners also claimed depreciation for capital improvements made to the properties in 1973; respondent disallowed this deduction on the grounds that petitioners did not substantiate that these capital improvements were made. At trial, petitioners presented no evidence on this issue. Accordingly, on the basis of the burden of proof, respondent's determination is sustained. In addition, petitioners claimed additional first year depreciation for both properties and the capital improvements thereon. Section 179 allows (with limitations *461 not relevant here) a deduction for depreciation of 20 percent of the cost of "section 179 property" in the first year for which a deduction under section 167 is allowable to the taxpayer with respect to such property. Under section 179(d)(1), "section 179 property" is defined as tangible personal property. In this case, respondent determined that petitioners were not entitled to additional first-year depreciation since they had not substantiated any investment in tangible personal property. We concur. Petitioners have shown only that they purchased real estate in 1973 which, by definition, is not eligible for additional first-year depreciation.Petitioners failed to produce any evidence that they purchased any property in 1973 which would be eligible for additional depreciation under section 179. Finally, petitioners claimed deductions for expenses totaling $735 for the 82d Street Property and $790 for the 84th Street Property. These claimed expenses were for electricity, carpentry, plumbing, insurance, water and taxes. Respondent disallowed these claimed deductions on the grounds that petitioners failed to substantiate that they incurred these expenses. Since petitioners presented *462 no evidence on this issue at trial, we must sustain respondent's determination. 1974
The first issue for decision with respect to 1974 is whether petitioners are entitled to a casualty or theft loss deduction under section 165(c)(3) or a bad debt deduction under section 166 due to the bankruptcy of the Federation Workers' Credit Union, Inc. ("Credit Union"). The Credit Union was adjudged a bankrupt in 1972, at which time petitioners maintained a savings account with a balance of $1,054.75 and a personal loan account with a balance of $2,594.98. On their return for 1974, petitioners claimed a casualty or theft loss in the amount of $1,000 due to the Credit Union's bankruptcy. Respondent determined that petitioners are not entitled to either a casualty or theft loss or bad debt deduction in 1974, and we agree. In general, section 165 allows as a deduction losses sustained during the taxable year. Under section 165(c) individuals may deduct casualty and theft losses to the extent such losses exceed $100. Apparently petitioners believed that the loss of their savings account due to the bankruptcy of the Credit Union was due to a casualty or a theft and, accordingly, claimed *463 their deduction as a casualty or theft loss. In this case, however, petitioners presented no evidence establishing that the bankruptcy of the Credit Union was caused by a casualty or theft. Moreover, assuming arguendo that the bankruptcy of the Credit Union was caused by embezzlement, petitioners would still not be entitled to the claimed deduction. Petitioners' property would not have been embezzled; rather, the Credit Union's property would have been embezzled and as a consequence the bank became insolvent. The relationship between a credit union and its typical depositor of funds is that of a debtor and a creditor. Even if the Credit Union's failure was caused by embezzlement, since the economic loss which petitioners claim they sustained arose from a debtor-creditor relationship, it comes within the bad debt provisions of section 166. Perrotto v. Commissioner,36 T.C.M. 464, 466, 46 P-H Memo. T.C. par. 77,099 (1977). If a transaction comes within section 166, then that section, rather than section 165, applies. Spring City Foundry Co. v. Commissioner,292 U.S. 182, 189 [13 A.F.T.R. 1164] (1934); Perrotto v. Commissioner,36 T.C.M. 464, 46 P-H Memo. T.C. par. 77,099 (1977). *464 In order to be entitled to a bad debt deduction in 1974, petitioners must establish that the debt became worthless in that year. Dustin v. Commissioner,53 T.C. 491, 501 (1969), affd. 467 F. 2d 47 (9th Cir. 1972). In this case, petitioners presented no evidence establishing that the debt became worthless in 1974. In fact, the only evidence presented indicates that in June 1974 petitioners were informed that they might be able to recover a portion of their account if they filed a claim with the United States District Court. However, recovery was to be offset by amounts owed to the Credit Union, and in this case petitioner's outstanding loan account exceeded their savings account by more than $1,500. Moreover, there is no evidence in the record that petitioners actually filed a claim. On the basis of this evidence, we conclude that petitioners were not owed any money by the Credit Union; in fact, it appears that petitioners were liable to the Credit Union for the amount by which their outstanding loan exceeded their savings. Accordingly, petitioners have not established that they incurred a bad debt which they are entitled to deduct. The next *465 issue is whether petitioners are entitled to a claimed casualty loss deduction for the destruction of an automobile due to a fire in their garage. Section 165(a) allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of an individual who sustains a casualty loss of property not connected with a trade or business, section 165(c)(3) provides that, in order for the loss to be deductible, the loss must "arise from fire, storm, shipwreck, or other casualty, or from theft." The measure of a casualty loss of non-business property is the difference between the fair market value of the property immediately before the casualty and its value immediately thereafter, not to exceed, however, the adjusted basis of the property. Section 1.165-7(b)(1), Income Tax Regs.; Helvering v. Owens,305 U.S. 468 (1939).
Petitioners claimed a casualty loss deduction for the value of an automobile destroyed by a fire in their garage. However, the automobile which was destroyed was owned by petitioners' daughter. Section 165-7(a)(3), Income Tax Regs., provides: (3) Damage to automobiles. An automobile owned by *466 the taxpayer, whether used for business purposes or maintained for recreation or pleasure, may be the subject of a casualty loss * * *. [Emphasis added.] As the emphasized portion of this regulation states, only the owner of property is entitled to a casualty loss deduction with respect to that property. Draper v. Commissioner,15 T.C. 135 (1950) (taxpayers not entitled to deduct loss by fire of jewelry and clothing owned by an adult daughter); Oman v. Commissioner,30 T.C.M. 767, 40 P-H Memo. T.C. par. 71,183 (1971) (taxpayers not entitled to deduct loss incurred through destruction of their son's automobile). Since petitioners did not own the automobile which was destroyed, respondent correctly determined that they were not entitled to their claimed casualty loss deduction. The next issue is whether petitioners are entitled to depreciation deductions for capital improvements made to real property held for rental purposes.Respondent disallowed petitioners' claimed deduction on the grounds that petitioners did not substantiate that these capital improvements were made. [4] At trial, petitioners presented no evidence on this issue. Accordingly, *467 on the basis of the burden of proof, respondent's determination is sustained. Finally, petitioners claimed deductions for expenses totaling $951 for the 82d Street Property and $825 for the 84th Street Property. Respondent allowed petitioners deductions for expenses totaling $609 for the 82d Street Property and $135 for the 84th Street Property; the remaining claimed deductions were disallowed for lack of substantiation. At trial petitioners presented no evidence on this issue. Accordingly, on the basis of the burden of proof, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Petitioners used the straight-line method of depreciation with a 20-year life.↩
3. Petitioners were informed by letter that A Plan of Settlement on behalf of all members of Federation Workers' Credit Union, Inc. was heard favorably by the Court on June 14, 1974. If you wish to participate in the cash distribution, you must submit a claim to the United States District Court for the Northern District of Ohio on or before July 24, 1974. A form of the claim is enclosed. The claim must be signed and notarized. If you fail to file the claim you will not share in any cash distributions which might otherwise be paid you. Cash distributions will be made pro rata after the Trustee has first credited any loan you owe to Federation Workers' Credit Union, Inc. including interest owed.↩
4. Respondent allowed petitioners a deduction for depreciation of the real property held for rental purposes.↩