ALEXANDER SCHRAYTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schrayter v. Commissioner
Docket Nos. 883-77, 4849-77. [1]
United States Tax Court
T.C. Memo 1979-388; 1979 Tax Ct. Memo LEXIS 136; 39 T.C.M. (CCH) 205; T.C.M. (RIA) 79388; September 20, 1979, Filed Alexander Schrayter, pro se. Thomas P. Dougherty, Jr., for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined income tax deficiencies of $904.00 for 1974 and $773.64 for 1975. The issues for decision are: 1. Whether petitioner is entitled to deductions for medical expenses for 1974 and 1975 and charitable contributions for 1974 in excess of the amounts allowed by respondent. 2. Whether petitioner is entitled to real estate tax and mortgage interest deductions in 1974. 3. Whether petitioner is entitled to a casualty loss deduction in either 1974 or 1975. 4. Whether petitioner is entitled to claim his mother as a dependent in1974. FINDINGS OF FACT Some of the facts *138 have been stipulated and are found accordingly. At the time of filing his petition, petitioner Alexander Schrayter was a resident of Hartford, Connecticut. During 1974 and 1975 petitioner resided in a house owned by his mother, Mrs. Helen Schrayter, in Hartford, Connecticut. Throughout this period neighborhood youths vandalized Mrs. Schrayter's home. In 1974 Mrs. Schrayter submitted insurance claims for the damage to her home for which she was only partially reimbursed. Additionally, Mrs. Schrayter and petitioner were continuously harassed by neighborhood youths and, in 1974, petitioner's automobile was stolen. Petitioner later received a $1,400 reimbursement from his insurance company representing the fair market value of the automobile on the date of the theft. As a result of all these incidents, petitioner and his mother became quite distraught. Petitioner went for long rides in his automobile to relieve his depression. The rides were not undertaken upon the advice of a physician. The total gasoline expense in 1974 and 1975 associated with these automobile rides was approximately $5,000. Petitioner also sought relief from the tension by seeing palmists, spiritualists *139 and psychics at the Church of the Holy Spirit in Springfield, Massachusetts. During 1974 petitioner and his mother paid the following living expenses: Item
Amount Paid in 1974
Mortgage payment [2]
$ 1,920
Real estate taxes
802
Heating
720
Electricity
216
Telephone
420
Water
36
Food
1,200
Total
$ 5,314
Mrs. Schrayter's income for 1974 was $2,288 ( $190 per month social security plus an $8 per year dividend from life insurance). She spent this entire amount for her support which included a portion of the above living expenses, clothing, contributions and medical care. Petitioner provided transportation for his mother. On his 1974 income tax return petitioner claimed the following itemized deductions: Medical expense $ 911
Charitable contributions
433
Mortgage interest
532
Real estate taxes
802
Casualty losses [3]
2,050
*140 The claimed charitable contribution includes $285 petitioner allegedly spent for his visits to spiritualists, palmists and psychics and $148 in contributions made by Mrs. Schrayter. Additionally, petitioner claimed an exemption for his mother. In his statutory notice, respondent disallowed the exemption for Mrs. Schrayter and all of the above claimed itemized deductions except for $72 of medical insurance and $39 in charitable contributions. On his 1975 income tax return petitioner claimed a $367 medical expense deduction and $3,850 casualty loss deduction for gasoline expenses. In his statutory notice, respondent disallowed these claimed amounts. OPINION 1. Medical Expenses
Petitioner claimed medical expenses of $911 in 1974 and $367 in 1975. Respondent determined that petitioner was entitled to deduct $72 in 1974; respondent disallowed the remaining amounts claimed on the basis that petitioner did not substantiate that such amounts were paid. Section 213 provides a limited deduction for medical care and medical insurance. Petitioner, however, presented no evidence as to the claimed deductions. Accordingly, petitioner has failed to carry his burden of proof, *141 Rule 142(a), Tax Court Rules of Practice and Producedure, and his claimed deductions in excess of the amount previously allowed by respondent are denied. 2. Charitable Contributions
Petitioner claimed charitable contribution deductions of $433 in 1974 pursuant to section 170. Petitioner's claimed deduction includes amounts allegedly paid to visit psychics, spiritualists and mediums at the Church of the Holy Spirit in Springfield, Massachusetts, and $148 in contributions made by his mother. Respondent disallowed $394 of this deduction based on his determination that petitioner did not substantiate payment of this amount. Petitioner presented no evidence as to amounts paid; as to whether he, and not his mother, was in fact that donor of the $148 in contributions made by his mother; or as to whether the alleged contributions were properly made to organizations described in section 170(c). Since petitioner has failed to carry his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, his claimed deduction in excess of the amount previously allowed by respondent is denied. 3. Real Estate Taxes and Mortgage Interest
In 1974 petitioner claimed deductions *142 for real estate taxes and mortgage interest paid with respect to the residence owned by his mother. Petitioner,however, did not submit any evidence as to amounts actually paid by him. Even if we assume petitioner in fact paid the taxes and interest, he is not entitled to the claimed deductions because he did not have any legal or equitable interest in the property. Secs. 1.163-1(b) and 1.164-1(a), Income Tax Regs.
4. Casualty Losses
In 1974 petitioner claimed the following casualty losses: $1,400 for a theft loss of his auto, $450 for vandalism damage to his mother's house, and $1,700 for gasoline expenses. In 1975 petitioner claimed a casualty loss for gasoline expense of $3,850. Section 165 allows a deduction for casualty losses "sustained during the taxable year and not compensated for by insurance or otherwise." Here petitioner was fully compensated by insurance for the theft loss of his automobile. Accordingly, petitioner is not entitled to a casualty loss deduction for that item. Petitioner is also not entitled to a casualty loss deduction for the vandalism damage to his mother's home. The damaged property was owned by petitioner's mother and any loss was *143 suffered by her alone. Since the alleged loss was not sustained by petitioner, he is not entitled to the deduction. Rink v. Commissioner,51 T.C. 746, 753 (1969); Draper v. Commissioner,15 T.C. 135 (1950). During 1974 and 1975 petitioner was harassed by neighborhood youths. To relieve tension caused by the incidents petitioner went for long rides in his automobile. As a result, petitioner spent a total of $5,000 for gasoline in the two years in issue. Petitioner claimed a portion of his gasoline expenses as casualty losses in 1974 and 1975. Petitioner now concedes that these expenses were not "casualties" within the meaning of section 165(c)(3), but alleges that the expenses were deductible as medical expenses under section 213 because riding in his automobile was therapeutic. Section 213(e)(1)(B) allows a deduction for "transportation primarily for and essential to medical care." A taxpayer is entitled to deduct, as a medical expense, transportation expense for travel which is prescribed for health reasons by the taxpayer's physician. See Montgomery v. Commissioner,51 T.C. 410 (1968), affd. 428 F. 2d 243 (6th Cir. 1970). *144 [4] Here, however, petitioner's travels were not prescribed by a physician. Although we recognize that the automobile rides may have relaxed petitioner, petitioner has not shown that transportation expenses incurred were primarily for or essential to medical care. Petitioner's claimed deduction for gasoline expenses is accordingly denied. 5. Exemption for Petitioner's Mother
In 1974 petitioner claimed his mother as an additional exemption under section 151(e). Respondent disallowed the exemption on the basis that Mrs. Schrayter was not petitioner's dependent as defined in 152(a) because petitioner did not provide over half of her support during the year in issue. We agree with respondent. During 1974 petitioner and his mother paid $1,392 for heat, electricity, telephone and water plus $1,200 ( $100 per month) for food. Since there were two persons in the household, we conclude that the portion of these living expenses required for Mrs. Schrayter's support was $1,296 ($2,592 divided by 2). Her total support also includes the cost of clothing, medical bills *145 and charitable contributions, plus the fair rental value of the portion of her home which she occupied. Sec. 1.152-1(a)(2)(i), Income Tax Regs.; Gajda v. Commissioner,44 T.C. 783, 785 (1965). [5] Petitioner presented no evidence as to the fair market value of Mrs. Schrayter's residence, as to that portion of the residence occupied by her, or as to the cost of her clothing, charitable contributions or medical bills. Thus we cannot determine the total amount required for Mrs. Schrayterhs support. Furthermore, petitioner presented no evidence from which we can determine, or even approximate, the amount he personally contributed toward his mother's support. Petitioner has the burden of proving that he met the requirements of section 152(a) (welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure), and this he has not done. We therefore hold that he is not entitled to the claimed additional exemption. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. These cases have been consolidated for purposes of trial, briefing and opinion.↩
2. The $1,920 mortgage payment includes $532 in mortgage interest.↩
3. The casualty loss was calculated as follows: ↩
Theft of automobile
$ 1,400
Vandalism damage to house
450
Gasoline expenses
1,700
$ 3,550
Less: Insurance reimbursement
1,400
Less: $100 floor
100
$ 2,050
4. See also Bordas v. Commissioner,29 T.C.M. 458↩, 39 P-H Memo. T.C. par. 70,097 (1970).
5. See also Harris v. Commissioner,23 T.C.M. 998↩, 33 P-H Memo. T.C. par. 64,168 (1964).