DOUGLAS B. and BARBARA A. WHITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 5075-80.
United States Tax Court
T.C. Memo 1981-220; 1981 Tax Ct. Memo LEXIS 522; 41 T.C.M. (CCH) 1429; T.C.M. (RIA) 81220; May 4, 1981. Douglas B. White, pro se. Constance L. Couts, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1977 in the amount of $ 674. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for decision only whether petitioners are entitled to a deduction for a casualty loss resulting from the theft and partial destruction of an automobile registered in the name of their 21-year-old son. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Sacramento, *523 California at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1977 with the Director, Internal Revenue Service Center, Fresno, California. In 1976, petitioners acquired for their son, James Curtis White, a Ford Shelby Mustang automobile. The Mustang was registered in the name of petitioners' son, who at the time was 21 years of age. On October 20, 1977, the Mustang was stolen and later recovered partially destroyed. Petitioners had paid for the necessary liability insurance coverage for the Mustang, but no theft or collision insurance was maintained on the Mustang. At the time of the theft petitioners' son was a full-time student in a Glendale, Arizona automotive school, receiving financial support from petitioners for educational and living expenses. The automobile was in the possession of petitioners' son in Glendale, Arizona at the time it was stolen. When petitioners purchased the Mustang for their son and registered it in his name, the son promised to repay petitioners for the Mustang. Under date of March 16, 1979, petitioners' son signed a document addressed "To: Douglas B. White" recognizing his indebtedness *524 to his father for the purchase price of the Mustang. The document signed by petitioners' son read: This is to confirm my indebtedness for money lent to me to purchase and repair the 1968 Ford Mustang Shelby in the amount of $ 3,375. This is in addition to any other indebtedness relating to my school expenses. The amount of the loss in value of the Mustang between the time of the theft and recovery was $ 2,250. Petitioners on their Federal income tax return claimed a casualty loss of $ 2,150, computed by showing a loss before insurance reimbursement of $ 2,250, no insurance reimbursement and a claimed casualty or theft loss of $ 2,150, arrived at by subtracting $ 100 from the amount of the loss. Respondent in his notice of deficiency disallowed the claimed casualty loss with the explanation: The $ 2,150 shown on your return as a casualty loss resulting from the theft of an automobile owned by your son is not allowed because it has not been established that you sustained any deductible loss. OPINION Section 165(c)(3), I.R.C. 1954, [1] allows a deduction to a taxpayer for "losses of property not connected with a trade or business, if such losses arise from fire, storm, *525 shipwreck, or other casualty, or from theft." In this case these is no dispute as to what happened with respect to the automobile registered in the name of petitioners' son. The automobile was stolen and when it was recovered had been damaged to such an extent that its value was $ 2,250 less than its value at the time it was stolen. The only issue here is whether petitioners are the proper parties to claim the casualty loss. Section 1.165-7(a)(3), Income Tax Regs., provides: (3) Damage to automobiles. An automobile owned by the taxpayer, whether used for business purposes or maintained for recreation or pleasure, may be the subject of a casualty loss * * *. Respondent points out that the regulations specifically refer to an automobile "owned" by the taxpayer. It is respondent's position that the automobile which was the subject of the theft or casualty loss in this case was not owned by petitioners. Petitioners take the position that since they were supporting their son while he was attending school, they owned the *526 automobile even though it had been registered in their son's name and they had considered the amount paid for the automobile to be a loan to their son to enable him to purchase an automobile for himself. Petitioners in effect contend that since the automobile was destroyed, it is unlikely that their son would be able to repay them the money they expended to purchase the automobile for him. Mr. White in effect testified that the value of the Mustang was increasing both because of the type of automobile that had been purchased and the work that had been done on it by their son. He testified that any repayments petitioners received for advancing the money to purchase the automobile would have been received when their son sold the car and repaid them. The issue here is not a new one. In order for a taxpayer to be entitled to deduct a casualty loss, the loss must be of his property. Both the statute and the regulations are clear on this point. Where parents give property to an adult child and the property is lost in a casualty, the taxpayers are not entitled to a deduction for a casualty loss. Draper v. Commissioner, 15 T.C. 135 (1950). The Draper case involved *527 the destruction by fire of jewelry and clothes which the taxpayers had bought for their adult daughter who was a student at Smith College. In holding that the taxpayers were not entitled to deduct the uninsured portion of the loss by fire, we stated (at 135): "Basic in the law is the requirement that to support a deduction for loss of property, the claimant must have been the owner of the property at the critical time." In that case we pointed out that even though the taxpayers' daughter was dependent on them for her support, she was past 21 years of age and the clothes and jewelry given to her belonged to her. For that reason, the casualty loss was hers and not that of her parents. The same situation is present here. The automobile that was stolen belonged to petitioners' adult son. Since the automobile was not petitioners' property, they were not entitled to a casualty loss resulting from its theft and partial destruction. [2]
*528 Although we decided the only issue before us for respondent, because of other issues which have been disposed of by the parties Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. There have been several Memorandum Opinion holding claimed losses connected with automobile accidents with respect to an automobile not owned by the taxpayer not to be deductible. See Miller v. Commissioner, T.C. Memo. 1975-110; Oman v. Commissioner, T.C. Memo. 1971-183↩.