# United States Tax Court

T.C. Summary Opinion 2025-2

MICHAEL D. TAYLOR,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17421-21S.                          Filed March 3, 2025.

————

Michael D. Taylor, pro se.

*Lewis A. Booth*, *Matthew R. Delgado*, and *Gordon P. Sanz*, for respondent.

## SUMMARY OPINION

PARIS, *Judge*:  This case was brought pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case. Further, this case was submitted to the Court fully stipulated for a decision without trial pursuant to Rule 122.

By Notice of Deficiency dated February 18, 2021, respondent determined a deficiency of $17,537 in petitioner's 2017 federal income tax and a section 6662(a) accuracy-related penalty of $3,507.40.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issue for decision is whether petitioner is entitled to a casualty loss deduction of $49,500 pursuant to section 165(c).

*Background*

Petitioner resided in Texas when he timely filed the Petition.

In December 1992 petitioner and Ester Taylor, his then spouse, acquired certain real property at Gatehouse Drive (Gatehouse Property) by Warranty Deed. In or around 2000 petitioner and Ms. Taylor were divorced, and, pursuant to the terms of their divorce agreement, petitioner transferred his interest in the Gatehouse Property to Ms. Taylor by Special Warranty Deed on August 2, 2000.

Ms. Taylor passed away in February 2007. At the time of Ms. Taylor's death, her and petitioner's two daughters were still minors, and, in accordance with Texas law, petitioner was appointed Guardian of the Estate of each of his daughters with respect to the Gatehouse Property. On January 27, 2012, petitioner transferred the Gatehouse Property to his two daughters, now adults, by Special Warranty Deed. Following the January 2012 transfer, petitioner held no ownership interest, directly or indirectly, in the Gatehouse Property.

Petitioner timely filed his 2017 Form 1040, U.S. Individual Income Tax Return. On that return petitioner reported adjusted gross income of $126,229. Petitioner claimed itemized deductions totaling $95,054 and exemptions totaling $8,100, resulting in taxable income of $23,075 and total tax of $3,910, including alternative minimum tax of $1,116.

On Schedule A, Itemized Deductions, petitioner claimed deductions totaling $95,054. Among the claimed deductions, petitioner claimed a deduction for a casualty loss of $49,500 in connection with damage to the Gatehouse Property from Hurricane Harvey. On his return petitioner did not list the Gatehouse Property as his home address but instead listed an address on Love Street. The Love Street

---

[2] In the Notice of Deficiency, respondent disallowed various claimed itemized deductions totaling $95,054. As reflected in the parties' First Supplemental Stipulation of Settled Issues, respondent has conceded that petitioner is entitled to all of the claimed itemized deductions other than the casualty loss. Respondent has also conceded the section 6662(a) penalty.

address is listed as petitioner's home address on the Forms W–2, Wage and Tax Statement, issued to petitioner by his employers, as well.

Respondent examined petitioner's return, disallowed all of petitioner's claimed itemized deductions, and determined a deficiency of $17,537. Respondent also determined a section 6662(a) accuracy-related penalty of $3,507.40.

Petitioner timely petitioned this Court for redetermination.

## *Discussion*

### I. *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3] The fact that a case has been submitted under Rule 122 "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b); *see also Novoselsky v. Commissioner*, T.C. Memo. 2020-68, at *13.

### II. *Section 165*

Section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. In the case of an individual, however, the deduction is limited to (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business or a transaction entered into for profit, where the losses "arise from fire, storm, shipwreck, or other casualty, or from theft." § 165(c). A casualty loss deduction is authorized only when the claimant is the owner of the property with respect to which the loss is claimed. *See, e.g.*, *Draper v. Commissioner*, 15 T.C. 135 (1950); *Rogers v. Commissioner*, T.C. Memo. 2019-90, at *22.

---

[3] Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability. The Court concludes that section 7491(a) does not apply because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

Petitioner has not established entitlement to the claimed casualty loss deduction. Rather, the evidence in this case shows that in 2017 the Gatehouse Property was owned by petitioner's adult daughters. Petitioner acquired an interest in the Gatehouse Property in December 1992, but transferred that interest to his former spouse Ester Taylor in 2000 in connection with their divorce. Ms. Taylor passed away in 2007, after which time petitioner held the property as Guardian of the Estate of each of his daughters, who were minors at the time. In January 2012 the property was transferred to petitioner's then-adult daughters. Petitioner did not have any ownership interest in the Gatehouse Property at any point during 2017.

The evidence indicates that petitioner may have paid certain expenses related to the Gatehouse Property, including insurance premiums and the cost of repairs. Petitioner has not shown, however, that such support was legally obligated or that extraordinary circumstances existed. *See, e.g.*, *Draper*, 15 T.C. at 135–36 (finding taxpayer not entitled to casualty loss deduction for replacing adult daughter's jewelry and clothing destroyed in fire). Petitioner was not the owner of the Gatehouse Property during the year at issue and therefore is not entitled to deduct the associated loss.

The Court has considered all of the parties' arguments, and to the extent not addressed herein, they are considered moot, irrelevant, or otherwise without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*